1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME I. ESTRADA, | Case No.  1:14-cv-00679-AWI-GSA (HC) |
| Petitioner | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS AND PETITIONER'S MOTIONS FOR DISCOVERY, STAY, AND TO LIFT THE STAY |
| v. | |
| MARTIN BITER, | |
| Respondent. | ECF Nos. 1, 9, and 15 |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Stanislaus, following his conviction by jury trial of murder and two counts of carjacking.  (LD[1] 1-2).  The jury also found that Petitioner personally used a firearm in connection with all counts.  (LD 1-2).  On August 29, 1995, Petitioner was sentenced to serve a term of fifty years and four month in state prison.  (LD 1.)

Petitioner appealed.  On November 7, 1997, the California Court of Appeals, Fifth

---
[1] "LD" refers to the documents lodged by Respondent on September 18, 2014, to support his motion to dismiss.

Appellate District, vacated the sentence and remanded the matter to Superior Court for resentencing, but affirmed the judgment in all other respects.  (LD 2).  Petitioner petitioned for review in the California Supreme Court, and the petition was denied on January 21, 1998.  (LD 3-4). On April 3, 1998, petitioner was resentenced in Stanislaus County Superior Court, and the court issued an amended abstract of judgment. (LD 5).

On April 21, 2011, Petitioner filed a challenge to the restitution fines in Stanislaus County Superior Court.  On April 28, 2013, Petitioner filed a state habeas corpus petition which raised federal constitutional issues, and then subsequently filed six additional state habeas corpus petitions.  (LD 7-20).

On April 17, 2014,[2] Petitioner filed the instant federal petition for writ of habeas corpus in this Court, and Petitioner requested a stay in abeyance pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269, 277 (2005), on ground four, which is that he received ineffective assistance of counsel at the plea bargaining stage.  (Pet., ECF No. 1).  The Court has not entered an order on Petitioner's request for a stay.  On June 16, 2014, Petitioner filed a motion for discovery.  (ECF No. 9).  Petitioner states discovery is necessary to obtain certain documents and records which would support his traverse, and that he needs the court transcripts and the District Attorney's file, including work product.  (ECF No. 9).  Petitioner states that the District Attorney's file would show that there were internal communications about his innocence, false evidence, conflict of interest, and ineffective assistance of counsel at the plea bargaining stage.  (ECF No. 9).  On August 28, 2014, Petitioner filed a motion to lift the stay in abeyance.  (ECF No. 15).

On August 29, 2014, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1).  (ECF No. 14).  On September 15, 2014, Petitioner filed an opposition to the motion to dismiss.  On September 22, 2014, Respondent submitted a reply.  (ECF No. 18).  On October 6, 2014, Petitioner filed a request to file a surreply, which was denied.

---

[2] Pursuant to the mailbox rule set forth in Rule 3(d) of the Rules Governing Section 2254 Cases, the petition is deemed filed on the date Petitioner signed the form and presumably handed it to prison authorities for mailing.  <u>See also</u> <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988). Here, although the petition bears a file stamp date of May 8, 2014, Petitioner has submitted a proof of service by mail for the petition showing he mailed it on April 17, 2014.  (Pet. at 99).  Therefore, the Court considers the petition filed on April 17, 2014

## II.

## DISCUSSION

### A.    Motion for Discovery

Pending before the Court is Petitioner's motion for discovery.  "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."  Bracy v. Gramley, 520 U.S. 899, 903-05 (1997).  Rule 6(a) of the Rules Governing Section 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  See also Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir.1999) ("[D]iscovery is available only in the discretion of the court and for good cause shown").  Further, Rule 6(b) states that the party requesting discovery "must provide reasons for the request" and inter alia, "must specify any requested documents."  A petitioner does not have the right to inquire into all matters which are relevant to the subject matter involved in the pending action, whether admissible at trial or not.  Harris, 394 U.S. at 297.  Elaborate discovery procedures would cause substantial delay to prisoners and place a heavy burden upon courts, prison officials, prosecutors, and police.  Id.  Nevertheless, "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry."  Id. at 300.

However, the discovery of new and additional evidence is not necessary for this Court to make an adequate inquiry into claims alleged by Petitioner at this time.  Nor is such a request appropriate as Petitioner's request goes well beyond that which was reviewed by the state courts.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Petitioner fails to demonstrate good cause. First, Petitioner's request is not limited in scope, as he seeks all documents in the District Attorney's case file, including work product. Petitioner's proposed discovery request goes beyond the scope necessary for an adequate inquiry. Indeed, Petitioner's request is broader in scope than the review conducted by the trial court and state appellate court. Second, Petitioner submitted as exhibits to his petition for writ of habeas corpus several relevant documents from the District Attorney's file. (Pet., Exs. B-E). Deputy District Attorney Sandra L. Bishop's certification reveals that there are no other documents in the file which pertain to the alleged eight year plea offer. (Pet. Exhibit A). Therefore, granting Petitioner access to the District Attorney's file will merely be a fishing expedition, as there are no other documents in the file pertaining to the eight year plea offer.

Petitioner also requests that Respondent turn over the transcripts in this matter. In Wade v. Wilson, 396 U.S. 282, 286, 90 S.Ct. 501, 24 L.Ed.2d 470 (1970), the United States Supreme Court postponed the decision on whether the State must furnish a transcript to aid an indigent petitioner for collateral relief, until the time that the petitioner could not borrow a copy from state authorities or successfully apply to the California courts to direct a custodian to make a copy available to him. In this case, it appears that Petitioner has not applied to the California courts for a copy of the transcripts. Petitioner has also not shown that is unable to borrow or receive a copy of the transcripts from anyone who may have a copy of the transcripts. In addition, Petitioner has not shown a need for the transcripts at this time. See Martinez v. United States, 344 F.2d 325 (10th Cir. 1965) and Frison v. United States, 322 F.2d 476 (10th Cir. 1963); see also United States v. Shoaf, 341 F.2d 832 (4th Cir. 1964). Therefore, Petitioner's request for discovery for production of documents and transcripts should be denied without prejudice.

**B.    Motion for Stay and Motion to Lift Stay**

The Court will also address Petitioner's motion for a stay and abeyance, and his subsequent motion to lift the stay. (ECF Nos. 1 and 15). A district court has discretion to stay a

mixed petition and allow the petitioner to return to state court to exhaust her state remedies. Rhines v. Weber, 544 U.S. 269, 277 (2005). However, the Supreme Court has held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 544 U.S. at 277. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id.

In his petition for writ of habeas corpus, Petitioner requested a stay in abeyance pursuant to Rhines, because he was exhausting ground four in state court. (Pet. at 7).[3] On August 28, 2014, before the Court ruled on the motion for a stay, Petitioner filed a motion to lift the stay, in which he indicated that he has exhausted his state remedies, and attached a copy of the California Supreme Court's August 13, 2014, order denying his petition for writ of habeas corpus. (ECF No. 15). The motion for a stay should be denied as moot because Petitioner apparently has now exhausted his state court remedies and is ready to proceed. Accordingly, the Court will consider ground four along with the other grounds raised in the Petition. The motion to lift the stay should also be denied as moot because the Court did not grant a stay.

### C.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Harrison v. Galaza, 1999 WL 58594 (N.D. Cal.

---

[3] Page numbers refer to the ECF page numbers.

1999) (using Rule 4 to review motion to dismiss for statute of limitations violation).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Because Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**D.     Limitation Period for Filing a Petition for Writ of Habeas Corpus**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on October 10, 2013, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

1    In most cases, the limitations period begins running on the date that the petitioner's direct

2 review became final. In this case, the petitioner was resentenced by the Stanislaus County

3 Superior Court on April 3, 1998. Direct review concluded on June 2, 1998, when the sixty (60)

4 day period for filing a direct appeal expired. Cal. Rules of Court, rule 31(d) (renumbered to rule

5 8.308); <u>Stancle v. Clay</u>, 692 F.3d 948, 951 (9th Cir. 2012). Therefore, pursuant to 28 U.S.C. §

6 2244(d)(1)(A), when the statute of limitations period is calculated from the date that judgment

7 became final by the conclusion of direct review, Petitioner had until June 2, 1999, in which to

8 file his federal petition for writ of habeas corpus.

9    However, pursuant to 28 U.S.C. § 2244(d)(1)(D), the limitations period doesn't start to

10 run until "the date on which the factual predicate of the claim or claims presented could have

11 been discovered through the exercise of due diligence." Petitioner claims that the limitations

12 period on his claims didn't start until sometime in 2013, because he received newly discovered

13 information from the District Attorney as part of an informal response during a state habeas

14 proceeding. (Opp'n at 4). Petitioner states that he received the information in 2013 during the

15 pendency of a state court proceeding through Bishop's prosecution disclosure. (Opp'n at 4).

16 Upon a review of the record, it is apparent that the documents that Petitioner refers to as the

17 newly discovered evidence were mailed to Petitioner as part of the State's informal response in a

18 state habeas proceeding on June 21, 2013. (LD 9). Therefore, Petitioner didn't know about the

19 factual predicates of his claims until sometime after June 21, 2013. There is no reason that

20 Petitioner would have known about the existence of these documents. Also, the factual

21 predicates of Petitioner's claims could not have been discovered earlier through the exercise of

22 due diligence. Therefore, the statute of limitations for Petitioner's claims did not start to run

23 until June 22, 2013, at the earliest. Thus, pursuant to 28 U.S.C. § 2244(d)(1), Petitioner had one

24 year to file his federal petition for writ of habeas corpus from the start of the limitations period.

25 Petitioner filed his federal petition on April 17, 2014, and therefore, the instant federal petition

26 was timely filed. Accordingly, Respondent's motion to dismiss should be denied.

27 ///

28 ///

### III.

### RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that:

(1)  Respondent's motion to dismiss be DENIED;

(2)  Petitioner's motion for discovery be DENIED without prejudice;

(3)  Petitioner's motion for a stay and abeyance be DENIED as moot; and

(4)  Petitioner's motion to lift the stay be DENIED as moot.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.   Within thirty (30) days after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties.   Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."   Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.   The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).   The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __November 19, 2014__                    _____/s/ Gary S. Austin__
                                                    UNITED STATES MAGISTRATE JUDGE