# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME I. ESTRADA, | Case No. 1:14-cv-00679-AWI-GSA (HC) |
| Petitioner, | ORDER APPOINTING COUNSEL |
| v. | |
| MARTIN BITER, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On January 13, 2015, the Court denied Petitioner's motion to appoint counsel because it did not find that the interests of justice required the appointment of counsel at that time. (ECF No. 25). In that order, the Court noted that a findings and recommendation had been issued, but had not yet been adopted by the District Judge. (ECF No. 25). Subsequently, the District Judge adopted the findings and recommendation, denied Respondent's motion to dismiss, and referred the matter back to the undersigned for further proceedings. (ECF No. 29). The Court then ordered Respondent to file an answer to the petition and allowed Petitioner to file a traverse. (ECF No. 30). On May 19, 2015, Respondent filed an answer to the petition. (ECF No. 33). On June 8, 2015, Petitioner filed a traverse. (ECF No. 34). The Court now reviews whether to appoint counsel to Petitioner at this time.

1

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, Title 18 U.S.C. 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. The court should only appoint counsel under "exceptional circumstances" and after evaluating the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986).

In the present case, the Court has reviewed the record and finds that the interests of justice would be served by the appointment of counsel at this time due to Petitioner's indigency and given the complexity of the issues involved with respect to Petitioner's first claim for relief.[1] In addition, Petitioner has made a sufficient showing as to why he believes he would be successful on the merits of his first claim for relief. Accordingly, in the interests of justice, the Court grants Petitioner's motion for appointment of counsel. Counsel shall file a supplemental traverse regarding Petitioner's first claim for relief.

### ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is granted the appointment of counsel;
2. The matter is hereby referred to the Federal Public Defender's Office to find counsel for Petitioner;
3. A notice of appearance shall be filed with the court by the attorney representing Petitioner within **twenty (20) days** of the date of service of this order;
4. Within **forty-five (45) days** from the date that counsel is appointed, Petitioner's

---

[1] Petitioner contends in his first claim for relief that his trial counsel was ineffective because counsel did not communicate a plea deal of nineteen years that he would have taken had he known about it.

counsel shall file a supplemental traverse with respect to Petitioner's first claim for relief;

5. Respondent may file a reply to Petitioner's supplemental traverse within **twenty-one (21) days** of the date Petitioner's supplemental traverse is filed;

6. The Clerk of the Court is directed to send a copy of this Order to Petitioner, the Federal Public Defender's Office, and to Respondent;

7. The Clerk of the Court is directed to send a copy of Petitioner's habeas corpus petition (ECF No. 1), the answer (ECF No. 33), and the traverse (ECF No. 35) to the Federal Public Defender's Office; and

8. Petitioner's counsel shall contact the Clerk's Office to make arrangements for copies of other documents in the file.

IT IS SO ORDERED.

Dated:   **June 18, 2015**                    /s/ Gary S. Austin
                                       UNITED STATES MAGISTRATE JUDGE