# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME I. ESTRADA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>MARTIN BITER,<br><br>　　　　Respondent. | Case No. 1:14-cv-00679-DAD-EPG-HC<br><br>ORDER DENYING RESPONDENT'S MOTION TO VACATE EVIDENTIARY HEARING<br><br>(ECF No. 68) |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 17, 2017, the assigned District Judge adopted the findings and recommendation and referred this matter back to the undersigned for an evidentiary hearing on Petitioner's first claim for relief (ineffective assistance of counsel for failure to communicate an alleged nineteen-year plea offer). (ECF No. 53).

On March 22, 2017, Respondent filed the instant motion to vacate the evidentiary hearing. (ECF No. 68).[1] Relying on a minute order that refers to an indicated disposition involving pleas on counts I and II and dismissal of count III, Respondent contends that the record shows an offer was made at the pretrial conference with Petitioner present, and thus, Petitioner

---

[1] It is worth noting that Respondent moved to vacate the hearing the day after the Court held a telephonic pre-hearing conference. Respondent did not mention its intention to file such a motion, and indeed confirmed the evidentiary hearing at that time. Given the gravity of the request to vacate an evidentiary hearing already ordered by the District Judge after substantial briefing, and the purpose of the pre-hearing conference to confirm the hearing and resolve any outstanding issues, the Court would have expected Respondent to raise the issue of vacating the hearing if it truly believed that was the proper course.

1

cannot establish that a plea offer was not conveyed to him. (ECF No. 68 at 2; ECF No. 68-2 at 2).[2] Petitioner contests Respondent's interpretation of the minute order and proffers evidence it intends to offer at the evidentiary hearing of a plea offer that was not conveyed to Petitioner. (ECF No. 75)

After substantial briefing and consideration, the assigned District Judge directed the undersigned to hold an evidentiary hearing on Petitioner's ineffective assistance of counsel claim. Nothing in Respondent's motion provides a basis to decline to hold such a hearing at this time. Respondent has put forth evidence it will certainly introduce at that hearing. Petitioner intends to put forth its own evidence. An evidentiary hearing remains appropriate. The Court will not preview some of the evidence and predict the outcome before hearing all the evidence, as directed by the District Judge.

As there are disputed issues of fact regarding whether trial counsel communicated the alleged nineteen-year plea offer to Petitioner, the Court finds that an evidentiary hearing is necessary to determine whether Petitioner is entitled to habeas relief.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to vacate the evidentiary hearing (ECF No. 68) is DENIED;

2. The hearing on the motion to vacate scheduled for April 25, 2017 is VACATED; and

3. The evidentiary hearing will proceed as scheduled on May 5, 2017, at 9:00 a.m.

IT IS SO ORDERED.

Dated: **April 24, 2017**            /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE

---

[2] Page numbers refer to ECF page numbers stamped at the top of the page.

2